**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case ID No.: 1602004456A |
| | ) | |
| | ) | |
| JONATHAN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Submitted: November 10, 2022
Decided: November 18, 2022

**AND NOW TO WIT**, this 18th day of November, 2022, upon consideration of

Defendant Jonathan Johnson ("Defendant")'s multiple motions, the sentence imposed

upon Defendant, and the record in this case, it appears to the Court that:

1.      Defendant was charged with multiple offenses after law enforcement

executed a search warrant of his home and located firearms, ammunition, heroin,

cocaine, and marijuana.[1]

2.      On the day of trial, April 25, 2017, Defendant pled guilty to one count of

Drug Dealing and one count of Possession of a Firearm During the Commission of a

---

[1] On September 12, 2016, a Superior Court grand jury returned an indictment against Defendant for the following charges: Drug Dealing (two counts), Aggravated Possession (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Carrying a Concealed Deadly Weapon (one count), Possession of a Firearm by a Person Prohibited (two counts), Possession of Ammunition by a Person Prohibited (two counts), Possession of Drug Paraphernalia, and Endangering the Welfare of a Child (four counts).

Felony ("PFDCF").[2]  Prior to sentencing, the State filed a Motion to Declare Defendant a Habitual Offender and to be sentenced on the PFDCF charge under 11 *Del. C.* § 4214.[3] On October 27, 2017, the Court granted the State's motion,[4] and sentenced Defendant to the minimum mandatory twenty-five years for the firearm charge and to probation for the Drug Dealing offense.[5]

3.      On October 17, 2018, Defendant filed his first Motion for Postconviction Relief under Superior Court Criminal Rule 61.[6]  The Court denied the motion.[7] Defendant filed a Motion for Reconsideration of Postconviction Decision,[8] which this Court dismissed as untimely.[9]

4.      Between October 2019 and January 2020, Defendant also filed a Petition for Writ of Mandamus,[10] a Petition for an Evidentiary Hearing,[11] and a Motion to Stay the consideration of his Rule 61 Motion.[12]  These requests were denied on August 14, 2020.[13]  During the pendency of his Rule 61 Motion, Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court; denied on April 15, 2020.[14]

---

[2] *See* D.I. 39.
[3] D.I. 41; *see* 11 *Del. C.* § 4214.
[4] D.I. 42.
[5] D.I. 41, 43.
[6] D.I. 44.
[7] D.I. 109.
[8] D.I. 111.
[9] D.I. 116.
[10] D.I. 75.
[11] D.I. 78.
[12] D.I. 81.
[13] D.I. 94.
[14] *See Matter of Johnson*, 228 A.3d 139, 2020 WL 1881069 (Del. Apr. 15, 2020) (TABLE).

5. In July of 2021, Defendant filed an "Affidavit of Fact: Notice of Fault and Opportunity to Cure/Writ of Revocation of Plea Contract & Affidavit of Facts."[15] He demanded "to have a scheduled special appearance and/or phone/video conference" with the Court and a payment of $10 million. Defendant's requests were denied.

6. On February 3, 2022, Defendant filed another Rule 61 Motion[16] and a Motion for Appointment of Counsel.[17] On March 22, 2022, this Court found the claims barred under Superior Court Criminal Rules 61(i)(2)(i) and 61(i)(4)[18] and summarily dismissed that motion.[19]

7. From August to November 2022, Defendant now files approximately twenty-one new requests.[20] This time, he asks the Court to vacate his sentence as it is

---

[15] D.I. 119.

[16] D.I. 131.

[17] D.I. 132.

[18] *See* Del. Super. Ct. Crim. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").

[19] D.I. 134.

[20] On August 31, 2022, Defendant filed a Motion to File out of Time: (1) Motion for Reargument of Suppress Denial, (2) Direct Appeal of Suppress Denial, (3) Motion of Withdrawal of Plea, (4) Motion for Reargument of Conviction and Sentence, and (5) Direct Appeal of Conviction and Sentence. D.I. 141. On September 8, 2022, Defendant filed a Motion for Correction of Illegal Sentence. D.I. 153. On September 20, 2022, Defendant filed (1) Supplemental Demand Relief to Motions to File Out of Time, (2) Supplemental Demand Relief to Motion for Correction of Illegal sentence, (3) Motion for Withdrawal Plea, (4) Motion to File Out of Time to File a Motion to Suppress, and (5) Motion to Suppress. D.I. 143. On September 29, 2022, Defendant filed "summonses" to his attorneys, a Deputy Attorney General, and the State for two separate cases. D.I. 155–59.

On October 4, 2022, Defendant filed a Motion for Correction of Illegal Sentence, same as D.I. 153 that was filed on September 8, 2022. D.I. 154. On October 13, 2022, Defendant filed a Notice of Writ of Declaratory Judgment. On October 27, 2022, Defendant filed a Notice of Fault and Opportunity to Cure Motion for Correction of Illegal Sentence, Withdrawal Plea, and a Motion to File Out of Time and Summons by November 1, 2022. D.I. 161. On November 7, 2022, Defendant

an "ex post facto" violation, to withdraw or set aside the plea agreement, to hold a suppression hearing, to grant his default judgment motion against the State, and to grant his request that the State pay him $1,830,000.00. In his motions, he claims excusable neglect, ineffective assistance, prejudice, and the State's failure to respond to his claims. These motions and claims are baseless or have been squarely addressed by this Court.

8.    Defendant's Motions are procedurally barred and do not satisfy any pleadings requirements of Superior Court Criminal Rules. It is this Court's hope that, if appealed, the Supreme Court will enjoin Defendant from filing future claims/appeals without leave of the Court.[21]

9.    For the reasons stated above, Defendant's motions are **SUMMARILY DISMISSED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  Defendant
     Allison Abessinio, Esquire
     Investigative Services Office

---

filed a Default Judgment. D.I. 162. On November 10, 2022, Defendant filed Affidavit of the Amount Due $1,830,000.00. D.I. 163.

[21] *See* Carter v. State, 221 A.3d 914, 2019 WL 5446020, at *1 (Del. Oct. 23, 2019) (TABLE) (providing a warning that the Supreme Court will enjoin the defendant/appellant's appeals from the Superior Court's orders if he repetitively files appeals from the Superior Court's orders dismissing his untimely and repetitive Rule 61 claims).